J. N. FUTIA CO., INC., Respondent, v. SCHENECTADY MUNICIPAL HOUSING AUTHORITY, Appellant.— GREENBLOTT, J. Appeal from a judgment of the Supreme Court at Special Term entered in Schenectady County on January 22, 1969, upon an order which granted plaintiff's motion for summary judgment. Respondent, a plumbing contractor, was engaged in the performance of a contract in appellant's apartment project. The only item of dispute between the contracting parties is whether the respondent or the general contractor was responsible for the installation of grab bar supports in the bathrooms. Appellant contends that furnishing and installing grab bar supports was included in respondent's plumbing contract but the latter, asserting that these " back of wall items " were part of the general contract, refused to furnish and install the grab bar supports unless it received extra compensation. Appellant hired another contractor to perform this work. Section 74 of the plumbing contract obligated the respondent to: "Provide and install one 9″ long grab bar adjacent to the water closet in the bathroom of each apartment for the aged, and in the toilet room adjacent to the Club Room for the Aged." Section 5 (subd. 2, par. [k]) of Contract 1, General Construction Division XIV entitled " Scope of Work " required the general contractor to: "*Provide supports and blocking* for setting medicine cabinets, *grab bars*, dado strips, cabinets, panel boxes, pipes and other items *to be built into furred spaces or plaster partitions*." (Emphasis supplied.) Special Term held that the contracts placed the responsibility for the " back of wall items " upon the general contractor. We agree. The plumbing and general contracts are not ambiguous and contradictory of each other. Since section 5 (subd. 2, par. [k]) of the general contract clearly places upon the general contractor the duty to " Provide supports * * * for * * * grab bars ", and the plumbing contract makes it the responsibility of the plumber to install the grab bars, Special Term was correct in its determination. Although section 157 of the Public Housing Law limits the interest on a judgment against an authority to 3%, the judgment appealed from awards interest at the rate of 6%. While CPLR 5004 states that interest is to be at the legal rate, unless otherwise provided, section 157 so provides. The judgment should be modified so as to reduce the interest rate from 6% to 3%. Judgment modified, on the law, so as to reduce the interest on the award to $1,585.36 and, as so modified, affirmed, with costs.

Herlihy, P. J., Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by Greenblott, J.